UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CZ SERVICES, INC., d/b/a CAREZONE PHARMACY and CAREZONE PHARMACY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, INC., PREMERA BLUE CROSS, and BLUE CROSS AND BLUE SHIELD OF KANSAS CITY,<br><br>Defendants. | Case No. 3:19-cv-04453-JD<br><br>**ORDER RE PERSONAL JURISDICTION**<br><br>Re: Dkt. Nos. 35, 38 |

This order resolves defendants' motions to dismiss for lack of specific personal jurisdiction. Dkt. Nos. 35 and 38. The complaint is dismissed with leave to amend. The Court declines to reach defendants' arguments under Rule 12(b)(6) until personal jurisdiction is adequately established. *See Sinochem Int'l Co., Ltd. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

The parties' familiarity with the record is assumed. The Court has detailed the standards governing the pleading of personal jurisdiction in several prior decisions. *See, e.g., Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658 at *4-5 (N.D. Cal. Jan. 14, 2019); *Zithromia Ltd. v. Gazeus Negocios De Internet SA.*, No. 3:17-cv-06475-JD, 2018 WL 6340875 at *2-3 (N.D. Cal. Dec. 5, 2018). The Court did not hold an evidentiary hearing on jurisdiction, and so plaintiffs had the burden of making a prima facie case for personal jurisdiction in this Court over defendants. *Zithromia*, 2018 WL 6340875 at *2.

The complaint does not connect defendants to California or this District in a meaningful way. The complaint does not provide any facts to indicate that either of the two claims arose out

of defendants' presence or activity within the state.  *See Walden v. Fiore*, 571 U.S. 277, 283 n.6, 284 (2014); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017).  Plaintiffs acknowledge that none of the defendants are incorporated in California or have a principal place of business here.  *See* Dkt. No. 1 ¶¶ 15-17.  Plaintiffs' allegations of defendants' general business dealings within California do not establish an affiliation between the forum and the underlying controversy sufficient to exercise specific jurisdiction.  *See Zithromia*, 2018 WL 6340875 at *2.  The allegations in the complaint that defendants were "principals" and non-party ESI was their agent, *see* Dkt. No. 1 ¶¶ 29-33, are entirely conclusory, and fail to state facts sufficient to plausibly allege an agency relationship for jurisdictional purposes.  Plaintiffs' use of the disclaimer "on information and belief" highlights this deficiency.

Plaintiffs may file an amended complaint with respect to the issue of specific personal jurisdiction by October 12, 2020.  Failure to amend by that date may result in dismissal under Rule 41(b).  Alternatively, plaintiffs may request a transfer of the case to an appropriate judicial district.

**IT IS SO ORDERED.**

Dated: September 16, 2020

JAMES DONATO
United States District Judge