William C. Jackson (DC SBN 475200) (*Pro Hac Vice*)
wjackson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

William A. Isaacson (DC SBN 414788) (*Pro Hac Vice*)
wisaacson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K St. N.W.
Washington, DC 20006
Telephone: (202) 223-7300
Telephone: (202) 223-7420

Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
943 Steiner St.
San Francisco, CA 94117
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for CZ Services, Inc. and
CareZone Pharmacy LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CZ SERVICES, INC., d/b/a CAREZONE PHARMACY and CAREZONE PHARMACY LLC, | Case Number: 3:19-CV-04453-JD |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS ANTHEM INSURANCE COMPANIES' AND BLUE CROSS AND BLUE SHIELD OF KANSAS CITY'S MOTION TO DISMISS** |
| vs. | |
| ANTHEM INSURANCE COMPANIES, INC.; PREMERA BLUE CROSS; and BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, | Date:  December 10, 2020 |
| Defendants. | Time: 10:00 am |
| | Place: Courtroom 11 |
| | Judge: Judge James Donato |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    I.    This Court Has Personal Jurisdiction Over Anthem And BCBS. ................................... 1

        A.    Applicable Standards. ............................................................................. 1

        B.    Defendants, As Principals, Control ESI, And ESI's Activities Directed At
             The Forum State Are Attributed To Defendants For Personal Jurisdiction........... 2

        C.    At A Minimum, The Court Should Authorize Jurisdictional Discovery. ............... 7

    II.    Plaintiffs State Proper UCL Claims Against Each Defendant. ........................................ 8

        A.    Applicable Standards. ............................................................................. 8

        B.    Under The UCL Defendants Are Vicariously Liable For ESI's Conduct. ............. 8

        C.    Plaintiffs Allege Proper Unlawful Prong Predicate Violations. .......................... 10

        D.    Plaintiffs Alleged A Cognizable UCL Remedy. .................................................. 12

        E.    Plaintiffs Are Not Required To Meet Rule 9(b)'s Pleading Standard. ................. 12

    III.    Plaintiffs Stated Negligent Interference with Economic Relations Claims ................. 13

    IV.    The Claim Splitting Doctrine Provide No Basis For Dismissal.................................... 14

    V.    Conclusion.................................................................................................................... 15

i        Case No. 3:19-cv-4453-JD

Pltfs. Opp. to Defs. Anthem's and Blue Cross and Blue Shield's MTD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) ........................................................................ 6

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
640 F.3d 1377 (Fed. Cir. 2011) ..................................................................... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................... 8

*Axon Sols., Inc. v. San Diego Data Processing Corp.*,
No. 09-CV-2543, 2010 WL 1797028 (S.D. Cal. May 4, 2010) .................... 9

*Bristol-Myers Squibb Co. v. Superior Court of California*,
137 S. Ct. 1773 (2017) ................................................................................. 6

*Bunnett & Co., Inc. v. Gearheart*,
No. 17-CV-01475, 2018 WL 1070298  (N.D. Cal. Feb. 27, 2018) ............... 9

*Calix Networks, Inc. v. Wi-Lan, Inc.*,
No. C-09-06038, 2010 WL 3515759 (N.D. Cal. Sept. 8, 2010) ................... 7

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
No. 12-CV-04000, 2014 WL 5282382 (N.D. Cal. Oct. 14, 2014) ............ 2, 3

*Clayworth v. Pfizer, Inc.*,
49 Cal. 4th 758 (2010) ................................................................................ 12

*Colgan v. Leatherman Tool Grp., Inc.*,
135 Cal. App. 4th 663 (2006) ..................................................................... 12

*CollegeSource, Inc. v. AcademyOne, Inc.*,
653 F.3d 1066 (9th Cir. 2011) ................................................................. 2, 5

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) ....................................................................... 2

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ...................................................................................... 2

*Della Penna v. Toyota Motor Sales, U.S.A., Inc*,
11 Cal.4th 376 (1995) ................................................................................. 14

*Emery v. Visa Int'l Serv. Ass'n*,
116 Cal. Rptr. 2d 25 (Ct. App. 2002) ....................................................... 10

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ...................................................................................... 6

*Farmers Ins. Exch. v. Super. Ct.*,
 2 Cal. 4th 377 (1992) ............................................................................................. 10

*FastVDO LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*,
 No. 16-CV-02499, 2016 WL 9526400 (S.D. Cal. Dec. 13, 2016) ..................................... 14, 15

*G & C Auto Body Inc. v. Geico Gen. Ins. Co.*,
 No. C06-04898, 2007 WL 4350907 (N.D.Cal. Dec. 12, 2007).......................................... 12

*Galope v. Deutsche Bank Nat'l Trust Co.*,
 666 F. App'x 671 (9th Cir. 2016) .............................................................................. 10

*Gogel v. Maroulis*,
 No. CV 16-2695, 2019 WL 5593280 (D. Md. Oct. 30, 2019) ............................................. 6

*Gray v. City of Memphis*,
 No. W2004-CV-00976, 2005 WL 652786 (Tenn. Ct. App. Mar. 22, 2005) ........................... 11

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*,
 784 F.2d 1392 (9th Cir. 1986) .................................................................................. 11

*Herring Networks, Inc. v. AT&T Servs., Inc.*,
 No. 2:16-CV-01636, 2016 WL 4055636 (C.D. Cal. July 25, 2016) ....................................... 2

*Imageline, Inc. v. CafePress.com, Inc., No. CV*,
 10-9794, 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011)......................................................... 8

*In re Boon Glob. Ltd.*,
 923 F.3d 643 (9th Cir. 2019) .............................................................................. 1, 2, 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
 No. C-07-5944, 2013 WL 6502170 (N.D. Cal. Dec. 11, 2013)............................................. 7

*In re Morning Song Bird Food Litig.*,
 No. 12CV01592, 2018 WL 1382746 (S.D. Cal. Mar. 19, 2018)............................................. 6

*J'Aire Corp. v. Gregory*,
 24 Cal.3d 799 (1979) ........................................................................................ 13, 14

*Laub v. U.S. Dep't of the Interior*,
 342 F.3d 1080 (9th Cir. 2003) .................................................................................... 7

*Lawson v. Tehama Cty.*,
 No. 2:17-CV-01276, 2017 WL 5177835 (E.D. Cal. Nov. 8, 2017) ......................................... 6

*Lockhart v. Ritz-Carlton Hotel Co.*,
 639 F. App'x 423 (9th Cir. 2016) ................................................................................ 5

*Lopez v. Smith*,
 203 F.3d 1122 (9th Cir. 2000) (*en banc*) ...................................................................... 8

*Makaeff v. Trump Univ., LLC*,
 145 F. Supp. 3d 962 (S.D. Cal. 2015) .......................................................................... 12

iii

*Manzarek v. St. Paul Fire & Mar. Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ............................................................................ 8

*Martensen v. Koch*,
  942 F. Supp. 2d 983 (N.D. Cal. 2013) ............................................................ 2, 4

*Mendoza v. Zirkle Fruit Co.*,
  301 F.3d 1163 (9th Cir. 2002) ............................................................................ 6

*Moser v. Health Ins. Innovations, Inc.*,
  No. 3:17-CV-1127, 2018 WL 325112 (S.D. Cal. Jan. 5, 2018) ........................... 9

*Newsom v. Countrywide Home Loans, Inc.*,
  714 F. Supp. 2d 1000 (N.D. Cal. 2010) ............................................................ 10

*Ochoa v. J.B. Martin & Sons Farms, Inc.*,
  287 F.3d 1182 (9th Cir. 2002) ......................................................................... 5, 9

*OnSomble, Inc. v. O'Rourke*,
  No. 3:16-CV-0493, 2016 WL 11653615 (M.D. Tenn. July 26, 2016) ................ 14

*People v. JTH Tax, Inc.*,
  212 Cal. App. 4th 1219 (2013) ......................................................................... 10

*Phan v. Grand Bahama Cruise Line, LLC*,
  No. 15-CV-05019, 2016 WL 5407919 (N.D. Cal. Sept. 28, 2016) ....................... 8

*Process Specialties, Inc. v. Sematech, Inc.*,
  No. CIVS00414, 2002 WL 35646610 (E.D. Cal. Jan. 18, 2002) ........................ 10

*Quidel Corp. v. Sup. Ct.*,
  39 Cal. App. 5th 530 (2019) ............................................................................. 11

*Rosado v. eBay Inc.*,
  53 F. Supp. 3d 1256 (N.D. Cal. 2014) .............................................................. 13

*Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*,
  965 F. Supp. 2d 1141 (E.D. Cal. 2013) ............................................................ 13

*Salyers v. Metro. Life Ins. Co.*,
  871 F.3d 934 (9th Cir. 2017) .............................................................................. 4

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ....................................................................... 2, 4, 5

*Smith v. Nerium Int'l, LLC*,
  No. CV 18-1088, 2018 WL 6444898 (C.D. Cal. Nov. 7, 2018) ............................ 7

*Smith v. Rockwell Int'l Corp.*,
  581 S.W.2d 954 (Tenn. 1979) ........................................................................... 11

*Stewart v. Screen Gems-EMI Music, Inc.*,
  81 F. Supp. 3d 938 (N.D. Cal. 2015) .............................................................. 1, 9

1

*Theo. H. Davies & Co. v. Republic of the Marshall Islands*,
    174 F.3d 969 (9th Cir.1999) ............................................................................................. 2

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*,
    71 S.W.3d 691 (Tenn. 2002) ........................................................................................... 14

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
    143 F. Supp. 3d 982 (N.D. Cal. 2015) ............................................................................ 13

*Webb v. W. Side Dist. Hosp.*,
    144 Cal. App. 3d 946 (1983) ........................................................................................... 11

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
    No. 12-1924, 2013 WL 1120962 (N.D. Cal. Mar. 18, 2013) ............................................ 7

**Statutes**

California Business & Professions Code § 16600 ........................................................................ 11

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 8

**Other Authorities**

2B Cal. Jur. 3d Agency § 155 ...................................................................................................... 15

Louis J. Capozzi III, Relationship Problems: Pendent Personal Jurisdiction after Bristol-Myers
    Squibb, Drexel L. Rev. 11:215 (2019) ............................................................................. 6

Restatement (Third) Of Agency § 3.03 (2006) ............................................................................. 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

Defendants are liable for actions attributable to them in California, which harmed Plaintiffs in California.[1] Defendants' Motion suggests otherwise only by engaging in an improperly narrow reading of the operative pleadings. Plaintiffs have alleged that each Defendant had members in California whose relationship with CZ Services in California was impacted by the actions of Defendants' agent ESI. Defendants delegated to ESI the authority to administer pharmacy networks on Defendants' behalf and to process pharmacy claims for Defendants' members. ESI did exactly that—acting on Defendant's behalf to process prescription claims submitted for Defendants' members located in California. ESI sent communications into California aimed at terminating CZ Services in California.  Based on the harm caused by ESI's actions, Plaintiffs also added a claim that further strengthens the basis for personal jurisdiction, as permitted by this Court's Order, ECF No. 77. As the principals with the right to control ESI's activities, Defendants must each be held accountable for ESI's actions under fundamental agency principles. Seeking to distract from the links to California, Defendants proffer a series of ill-conceived arguments in order to avoid the merits of Plaintiffs' claims. The Court should reject Defendants' misguided efforts. The Court has personal jurisdiction over Defendants, Plaintiffs sufficiently stated claims, and the claim splitting doctrine does not warrant dismissal. Defendants' Motion should be denied.

## ARGUMENT

### I.   This Court Has Personal Jurisdiction Over Anthem And BCBS.

#### A.  Applicable Standards.

On a Rule 12(b)(2) motion, "the party asserting jurisdiction is required only to establish a *prima facie* showing of jurisdictional facts." *In re Boon Glob. Ltd*., 923 F.3d 643, 650 (9th Cir. 2019) (cleaned up). "[U]ncontroverted allegations in the complaint must be taken as true," and factual conflicts are "resolved in the plaintiff's favor." *Id.* (cleaned up). A court may consider "materials outside of the pleadings." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d

---

[1] Except as noted, abbreviations are the same as in ECF No. 46.

PLTFS. OPP. TO DEFS. ANTHEM'S AND BLUE CROSS AND BLUE SHIELD'S MTD

938, 951 (N.D. Cal. 2015). To establish personal jurisdiction over a non-resident: "(1) the non-resident must purposefully avail himself of the privilege of conducting business in the forum; (2) the claim must arise out of the forum-related activities; and (3) the exercise of jurisdiction . . . must be reasonable." *In re Boon Glob.*, 923 F.3d at 651 (cleaned up). While the Plaintiffs bear the burden on the first two elements, the Defendants bear the burden to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1076 (9th Cir. 2011). Physical contacts are not required for specific jurisdiction. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). "Within the rubric of purposeful availment," jurisdiction may be exercised "over a defendant whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state." *Id*.; *see also Martensen v. Koch*, 942 F. Supp. 2d 983, 994 (N.D. Cal. 2013).

"[F]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *see also Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) ("Agency relationships, we have recognized, may be relevant to the existence of specific jurisdiction."); *Theo. H. Davies & Co. v. Republic of the Marshall Islands*, 174 F.3d 969, 974 (9th Cir.1999) (relevant actions by an agent can support personal jurisdiction). Both actual agency and apparent authority can establish personal jurisdiction for the principal. *See Herring Networks, Inc. v. AT&T Servs., Inc.*, No. 2:16-CV-01636, 2016 WL 4055636, at \*7 n.4 (C.D. Cal. July 25, 2016); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000, 2014 WL 5282382, at \*4 (N.D. Cal. Oct. 14, 2014).

### B. Defendants, As Principals, Control ESI And ESI's Activities Directed At The Forum State Are Attributed To Defendants For Personal Jurisdiction.

In their Amended Complaint, Plaintiffs added allegations further supporting the existence of personal jurisdiction over Defendants. Anthem provides health care insurance to members located in California. Am. Compl. ¶ 25; *see also* Ex. 5-6 to Jackson Decl. Anthem is also registered to conduct business in California. Ex. 4 to Jackson Decl. BCBS also provides health care insurance to members residing in California. Am. Compl. ¶ 24. Each Defendant had members located in California who filled prescriptions at CZ Services, also located in California,

and who used their Anthem and BCBS health insurance to do so. *Id.* ¶¶ 12-16. Both Pharmacies submitted claims for insurance on behalf of resident California members to each of the Defendants for payment, through their contracted representative ESI. *Id.* ¶ 17. Each of the Defendants paid claims submitted by the Pharmacies on behalf of members in California. *Id.* In order for these California-based transactions to be completed through ESI, the Pharmacies had to have been members of the pharmacy networks ESI maintained on Defendants' behalf. *See id.* ¶¶ 15, 17, 35. The foreseeable effect of ESI's termination was thus to disrupt the Pharmacies' relationships with California pharmacy patients and cause injury in California.

Each Defendant, as the principal, retained control over its agent, ESI, in the exercise and administration of pharmacy benefit services for each of their members. Plaintiffs' allegations are not merely conclusory, as Defendants claim. Mot. at 4. Plaintiffs specifically alleged that Defendants are "responsible for the provision of the pharmacy benefits to their insureds and the reimbursement of those costs incurred by the PBMs and the pharmacies." *Id.* ¶ 67. Defendants' contracts with ESI provide that ESI will "manage [Defendants' members'] claims paperwork, negotiate with drug companies, and administer reimbursements to pharmacies that fill [those members'] prescriptions (on behalf of [Defendants])." *Id.* ¶ 32. Defendants provide the funds used to pay reimbursements to pharmacies. *Id.* They entered contracts "memorializing this delegation of authority and authorizing ESI to act" on their behalf to administer their prescription benefit plans. *Id.* ¶ 39. These contracts provide mechanisms to inform Defendants of ESI's activities and permit oversight and control over those activities. *See id.* ¶¶ 39-45. Each Defendant thus "retained and exercised control over ESI such that they, among other things, were able to dictate which pharmacies were permitted to join ESI's pharmacy network, how to ensure ESI's actions complied with [AWP], and which claims should ultimately be processed." *Id.* ¶ 46. These well-pled facts make a *prima facie* case of ESI's status as an agents of Anthem and of BCBS. Additionally, CZ Services' contract with ESI shows that ESI was acting as each Defendant's agent. Per that contract, █████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████ Ex. 3 to Jackson Decl.

Regardless of the actual authority delegated to ESI by Defendants, ESI had apparent authority to act on Defendants' behalf in managing their pharmacy networks. In *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940–41 (9th Cir. 2017), the Ninth Circuit found an agency relationship where an employer had apparent authority to "enforce the evidence of insurability requirement" on the insurer's behalf. The employer was responsible for reviewing applications for coverage and evidence of insurability, and a plan participant would have reasonably believed that the employer did not collect such information of its own accord, but rather on the insurer's behalf. *Id.* (citing Restatement (Third) Of Agency § 3.03 (2006) ("A principal's inaction creates apparent authority when it provides a basis for a third party reasonably to believe the principal intentionally acquiesces in the agent's representations or actions.")). The employer's function in *Salyers* is identical to the role ESI plays: it is the front line reviewer to determine eligibility for insurance coverage for Defendants' members. But ESI does not manage a pharmacy network and review claims of its own accord; it does so on behalf of Defendants as they provide pharmacy benefits to their members.

Because ESI is Defendants' actual and apparent agent, ESI's termination of CZ Services from the pharmacy network is attributable to both Anthem and BCBS as principals for personal jurisdiction purposes. *See Sher*, 911 F.2d at 1362 ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal."). Such termination was an intentional act, aimed at the forum state, that caused harm which ESI knew would be suffered in the forum state. *Martensen*, 942 F. Supp. 2d at 994. ESI sent letters ***into California*** threatening to terminate, and ultimately terminating, CZ Services from the pharmacy network. Ex. 1-2 to Jackson Decl.; *see also* Am. Compl. ¶¶ 47-51. ESI did so because the Pharmacies threatened ESI's position in the market for direct delivery of prescription drugs to patients including Defendants' members in California. *See* Am. Compl. ¶¶ 37, 52. Plaintiffs' claims flow from forum-related activity, and, as to reasonableness—on which Defendants bear the burden*, In re Boon Glob.*, 923 F.3d at 651—Defendants have not argued exercising jurisdiction over them would be unreasonable.

The Court thus has specific personal jurisdiction over each Defendant for claims asserted

   Case 3:19-cv-04453-JD   Document 85   Filed 11/04/20   Page 11 of 22

by the Pharmacies. This conclusion is consistent with Ninth Circuit precedent. For example, in *CollegeSource*, the court rejected AcademyOne's argument that it did not purposefully direct its conduct toward the forum state because its contractor undertook the activity (downloading plaintiff's materials) that gave rise to the claims. 653 F.3d at 1077-78. In holding there was specific jurisdiction over the non-resident defendant, the court "attribute[d] no jurisdictional significance to the fact that employees of AcademyOne's contractor performed the relevant work on AcademyOne's behalf," which had instructed the contractor on "collecting course catalogs and descriptions from schools' websites." *Id*. at 1078 (citing *Sher*, 911 F.2d at 1362). Likewise, in *Ochoa v. J.B. Martin & Sons Farms, Inc*., the court held there was specific jurisdiction over a non-resident farm based on the acts of its labor contractor who recruited migrant farm workers on defendant's behalf. 287 F.3d 1182, 1193 (9th Cir. 2002). In reversing the district court's decision, the court looked to facts showing the defendant "exercised some control" over the labor contractor such that plaintiff established a *prima facie* showing of agency and thus specific personal jurisdiction. *Id*. at 1189. Anthem submits no evidence attempting to deny an agency relationship, so Plaintiffs' well-pled allegations must be taken as true. Likewise, BCBS's evidence shows only that *it* did not send or receive any communications regarding the Pharmacies' participation in the network that ESI operates for each Defendant's members. Moore Decl. (Dkt. 82) ¶ 8. But this representation ignores the fact that Defendants' agent ESI sent communications to California on their behalf. Exs. 7-8 to Jackson Decl.

In support of Defendants' assertion that Plaintiffs' allegations are conclusory, the non-precedential case they rely on actually supports specific jurisdiction here. In *Lockhart v. Ritz-Carlton Hotel Co*., 639 F. App'x 423, 424 (9th Cir. 2016), the court held there was no specific jurisdiction over the non-resident defendant because there were no allegations it controlled any aspect of the agent's conduct giving rise to the claims. The opposite is true here. The Amended Complaint alleges specific facts showing that each Defendant was informed about each of their California members filling prescriptions in California and could control the pharmacies in ESI's network serving such members.

The Court can also exercise pendent jurisdiction over CareZone Pharmacy's claims. *See*

1   *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) (pendent

2   jurisdiction is proper because where a defendant "must appear in a forum to defend against one

3   claim, it is often reasonable to compel that defendant to answer other claims in the same suit

4   arising out of a common nucleus of operative facts"). Section 1367, providing for this Court's

5   supplemental jurisdiction, does not distinguish between pendent-claim and pendent-party cases.

6   *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005); *see also Mendoza v.*

7   *Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002) (noting pendent jurisdiction can be

8   exercised over additional parties). District courts have retained pendent jurisdiction over parties

9   whose claims are part of the same case or controversy. *See Lawson v. Tehama Cty.*, No. 2:17-CV-

10  01276, 2017 WL 5177835, at *8 (E.D. Cal. Nov. 8, 2017).

11          Contrary to Defendants' contention, *Bristol-Myers Squibb Co. v. Superior Court of*

12  *California* does not foreclose pendent jurisdiction over CareZone Pharmacy's claims. Mot. at 6.

13  The Supreme Court's decision rested on federalism concerns regarding a state court's power

14  outside its geographic boundaries and explicitly "le[ft] open the question whether the Fifth

15  Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal

16  court." 137 S. Ct. 1773, 1784 (2017).[2] The Supreme Court made clear that "a defendant's

17  relationship with a third party, ***standing alone***" was an insufficient basis for jurisdiction. *Id.* at

18  1781 (cleaned up, emphasis added). Here, CareZone Pharmacy, a wholly owned subsidiary of CZ

19  Services, is licensed in California and filled prescriptions for California residents who are

20  Defendants' beneficiaries, which ESI reimbursed on Defendants' behalf. Am. Compl. ¶¶ 17, 22;

21  *see Gogel v. Maroulis*, No. CV 16-2695, 2019 WL 5593280, at *3-4 (D. Md. Oct. 30, 2019). And

22  regardless, *Bristol-Myers* was not a change in controlling law. *In re Morning Song Bird Food*

23  *Litig.*, No. 12CV01592, 2018 WL 1382746, at *2 (S.D. Cal. Mar. 19, 2018). Judicial economy,

24  convenience, and fairness all favor exercising supplemental jurisdiction here.

25

26  [2] Defendants' suggestion that diversity cases are unique in being controlled by *Bristol-Myers* is
    not well-founded. Given the absence of nationwide service of process for federal question cases,

27  the personal jurisdiction inquiry for federal question cases commonly is the same as diversity
    cases. Louis J. Capozzi III, Relationship Problems: Pendent Personal Jurisdiction after Bristol-

28  Myers Squibb, Drexel L. Rev. 11:215, 277 (2019).

1   Finally, BCBS argues that because it allegedly does not do business in California, ESI

2   could not have been its agent in California. This argument misses the mark; first, BCBS has

3   members residing in California whose prescriptions the Pharmacies filled. Am. Compl. ¶ 35.

4   Second, the jurisdictional inquiry looks to whether BCBS's agent caused harm in California; it

5   does not depend on if BCBS appointed an agent to act on its behalf within California.

6          **C.  At A Minimum, The Court Should Authorize Jurisdictional Discovery.**

7          If there is doubt as to personal jurisdiction, the Court should permit limited jurisdictional

8   discovery into each Defendant's relationship with ESI and their contacts in California. Discovery

9   should "be granted where pertinent facts bearing on the question of jurisdiction are controverted

10  or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the*

11  *Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Because a court should not "den[y] the opportunity

12  to develop the jurisdictional record," discovery is proper where, as here, "the request is based on

13  more than a hunch that it might yield jurisdictionally relevant facts." *Calix Networks, Inc. v. Wi-*

14  *Lan, Inc.*, No. C-09-06038, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) (cleaned up). A

15  plaintiff is not required to "make out a prima facie case of personal jurisdiction before it can

16  obtain jurisdictional discovery"; it need only show a "colorable basis for jurisdiction." *Id*. at *4.

17         Plaintiffs have demonstrated more than a colorable basis for jurisdiction. The Amended

18  Complaint sets forth facts in support of an actual and apparent agency relationship, and Plaintiffs

19  provide additional evidence supporting the agency relationship. *See* Ex. 3 to Jackson Decl. These

20  include the scope of actions ESI was directed to take on Defendants' behalf and contractual

21  mechanisms for oversight. *See supra* § I.B. Courts grant jurisdictional discovery on similar

22  showings. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944, 2013 WL

23  6502170, at *7 (N.D. Cal. Dec. 11, 2013) (granting jurisdictional discovery on agency

24  relationship and intentional conduct toward forum where plaintiff's "allegations and evidence

25  are not entirely bare"); *Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12-1924, 2013 WL

26  1120962, at *9 (N.D. Cal. Mar. 18, 2013) (granting jurisdictional discovery where "the core facts

27  as to the Defendants' interrelationships are controverted"); *Smith v. Nerium Int'l, LLC*, No. CV

28  18-1088, 2018 WL 6444898, at *3 (C.D. Cal. Nov. 7, 2018) (granting jurisdictional discovery

1  where the record suggested "defendants may have considered plaintiffs as something other than

2  independent contractors"); *Phan v. Grand Bahama Cruise Line, LLC*, No. 15-CV-05019, 2016

3  WL 5407919, at *3 (N.D. Cal. Sept. 28, 2016).

4  **II.    Plaintiffs State Proper UCL Claims Against Each Defendant.**

5       Defendants move to dismiss Plaintiffs' UCL claim, contending: (1) they are not

6  vicariously liable under the UCL; (2) Plaintiffs' alleged unlawful prong violations are not proper

7  predicates under the UCL; (3) Plaintiffs fail to plead a proper remedy; and (4) Plaintiffs fail to

8  meet Rule 9(b)'s pleading standards. Each argument fails.

9       **A.  Applicable Standards.**

10       In evaluating a Rule 12(b)(6) motion to dismiss, "courts must be mindful that the Federal

11  Rules of Civil Procedure generally require only that the complaint contain 'a short and plain

12  statement of the claim showing that the pleader is entitled to relief.'" *Imageline, Inc. v.

13  CafePress.com, Inc.*, No. CV 10-9794, 2011 WL 1322525, at *2 (C.D. Cal. Apr. 6, 2011)

14  (quoting Fed. R. Civ. P. 8(a)(2)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the

15  pleading standard Rule 8 announces does not require 'detailed factual allegations'"). On such

16  motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the

17  pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire &

18  Mar. Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The court then determines whether the

19  complaint alleges sufficient facts to support a plausible claim to relief. *Ashcroft*, 556 U.S. at 678.

20  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request

21  to amend the pleading was made, unless it determines that the pleading could not possibly be

22  cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (*en

23  banc*) (internal quotation marks and citations omitted).

24       **B.  Under The UCL Defendants Are Vicariously Liable For ESI's Conduct.**

25       The Amended Complaint adequately alleges that, as principal, Anthem and BCBS are

26  each separately liable for the conduct of its agent, ESI, in terminating Plaintiffs from the

27  pharmacy networks serving their members because, as explained above, each Defendant had the

28  right to control ESI. *See Imageline*, 2011 WL 1322525, at *4 ("To sufficiently plead an agency

relationship, a plaintiff must allege facts demonstrating the principal's control over its agent."). Each Defendant "entered into agreements with ESI" memorializing a delegation of authority to ESI as its PBM and "authorizing ESI to act on behalf of [Defendant] to administer" its prescription drug benefits. Am. Compl. ¶¶ 39-46. Further, each Defendant "retained and exercised control over ESI such that they, among other things, were able to dictate which pharmacies were permitted to join ESI's network, how to ensure ESI's actions complied with AWP laws, and which claims should ultimately be processed." *Id*. ¶ 46. Each Defendant is "ultimately responsible for the provision of pharmacy benefits to their insureds and the reimbursement of those costs incurred by the PBMs and the pharmacies." *Id*. ¶ 67.

These factual allegations sufficiently plead an agency relationship. *See, e.g.*, *Bunnett & Co., Inc. v. Gearheart*, No. 17-CV-01475, 2018 WL 1070298, at *11 (N.D. Cal. Feb. 27, 2018) (agency relationship sufficiently pled where complaint states purported agent "agreed to represent exclusively" purported principal and to "negotiate[e] terms for the sale" of purported principal's products); *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127, 2018 WL 325112, at *7 (S.D. Cal. Jan. 5, 2018) (complaint sufficiently pled where it alleged principal hired agent to make telemarketing calls "for the benefit" of and with "full knowledge and assistance of" principal); *Axon Sols., Inc. v. San Diego Data Processing Corp.*, No. 09-CV-2543, 2010 WL 1797028, at *2 (S.D. Cal. May 4, 2010) (agency relationship pled where complaint alleged principal issued request for proposals, selected, and entered into a contract with agent to manage IT services for the principal). That Plaintiffs plead "on information and belief" does not change the analysis, as Defendants contend. Mot. at 8; *see Moser*, 2018 WL 325112, at *7 (agency allegations made on information and belief stated claim since facts as to nature of relationship were "peculiarly within the possession and control of" defendants); *Stewart*, 81 F. Supp. 3d at 962 (information and belief allegations that did not "mimic[] the language of the factors" sufficiently stated claim). Nor does it matter whether Defendants in fact exercised their right to control, as Defendants argue. Mot. at 8. All that matters is that Defendants possessed such right. *See Ochoa*, 287 F.3d at 1190 ("fundamental criterion" is "extent of control the principal . . . ***may exercise*** over the agent") (emphasis added) (citation omitted).

Notwithstanding these well-pled allegations, Defendants argue they are not vicariously liable because a UCL claim cannot be predicated upon vicarious liability. This is simply wrong. Agency is a recognized form of secondary liability under the UCL. William L. Stern, Business & Professions Code Section 17200 Practice ¶ 6:6 (The Rutter Group 2019). The 2002 California case which Defendants cite to the contrary, *see* Mot. at 7 (citing *Emery v. Visa Int'l Serv. Ass'n*, 116 Cal. Rptr. 2d 25 (Ct. App. 2002)) has been abrogated on this point. In 2013, the California Court of Appeal held "persons can be found liable for . . . unfair business practices under normal agency theory," and to the extent *Emery* held otherwise, that case is "mistaken." *People v. JTH Tax, Inc.*, 212 Cal. App. 4th 1219, 1242 (2013). Defendants' citation to *Galope v. Deutsche Bank Nat'l Trust Co.*, 666 F. App'x 671 (9th Cir. 2016) fares no better as it is not binding and failed to reckon with the contrary holding in *JTH Tax*.

### C.  Plaintiffs Allege Proper Unlawful Prong Predicate Violations.

Next, Defendants argue that Plaintiffs base their UCL claim on improper legal violations. An unlawful prong UCL claim "borrows violations of other laws and treats these violations . . . as unlawful business practices." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). "The violation of almost any federal, state or local law may serve as the basis for a UCL claim." *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1010 (N.D. Cal. 2010).

Tennessee AWP statute: Without citation to any authority, Defendants argue the alleged violation of a non-California statute based on non-California conduct cannot serve as a predicate unlawful prong violation for a UCL claim brought by a California plaintiff. Mot. at 11. This is wrong. The "unlawful practices prohibited by the UCL are any practices forbidden by law, be it civil or criminal, federal, state or municipal, statutory, regulatory, or court-made." *Process Specialties, Inc. v. Sematech, Inc.*, No. CIVS00414, 2002 WL 35646610, at *14 (E.D. Cal. Jan. 18, 2002) (cleaned up). On this basis, the *Process Specialties* court held that the violation of Delaware law was a proper unlawful prong predicate violation. *Id*.

Defendants also appear to argue that Plaintiffs cannot state a claim under the AWP law and therefore cannot use it as a predicate unlawful prong violation. Yet they do not explain how Plaintiffs fail to state a claim. The Tennessee insurance statutes, including the AWP law,

"regulate[] insurance broadly," and their "primary purpose" is to "protect policy holders." *Gray v. City of Memphis*, No. W2004-CV-00976, 2005 WL 652786, at *3, *6 (Tenn. Ct. App. Mar. 22, 2005). Each Defendant provides health insurance to members located in Tennessee, including through their respective BlueCard programs. Am. Compl. ¶¶ 24-25, 65. Neither Defendant disputes this, and it is reasonable to infer Defendants contract with those members in Tennessee. Defendants' Tennessee members are entitled to the protection of Tennessee's AWP law, irrespective of where the alleged statutory violation occurs. *See Haisten v. Grass Valley Med. Reimbursement Fund, Ltd*., 784 F.2d 1392, 1406 (9th Cir. 1986) ("[T]he test is not whether a foreign party does business in the regulating state, but rather, whether there is a sufficient connection between the object regulated and the forum state."); *cf. Smith v. Rockwell Int'l Corp.*, 581 S.W.2d 954, 955 (Tenn. 1979) (Tennessee workers' compensation statutes have extraterritorial effect for injuries occurring outside of the state if "contract of employment is made in this state"). That is even more so the case here, where Defendants chose to delegate administration of pharmacy benefits, and thus compliance with AWP laws, to ESI, who also does business in Tennessee—an allegation Defendants do not dispute. Am. Compl. ¶ 52.

California Business & Professions Code § 16600: Defendants argue § 16600 is not a proper predicate because the contracts between ESI and the Pharmacies "did not restrain anyone from engaging in a lawful profession, trade or business." Mot. at 9. This conclusory argument, supported by no case law, also fails. As alleged, these contracts unlawfully restrain the Pharmacies from serving Defendants' members because ESI has terminated them "for allegedly engaging in activities that ESI characterizes as mail-order" pursuant to unlawful provisions barring any pharmacy from competing with ESI's mail-order business. Am. Compl. ¶ 47. This allegation, and predicate legal violation, survives a motion to dismiss; "whether an interference with the right to pursue a trade or occupation by means otherwise lawful" violates § 16600 is a fact-specific determination made "in the light of all the circumstances." *Webb v. W. Side Dist. Hosp*., 144 Cal. App. 3d 946, 951 (1983) (cleaned up); *see also Quidel Corp. v. Sup. Ct.*, 39 Cal. App. 5th 530, 544 (2019) (courts evaluate if non-employment contractual restraint "tends to restrain trade more than promote it"; "is not necessary to protect the respective parties'" dealings;

1   or "forecloses a substantial share of the line of commerce").

2       <u>Federal AWP statutes</u>: Defendants argue that the federal AWP statutes can only serve as

3   predicate legal violations to the extent Defendants serve Medicare and Medicaid beneficiaries in

4   California. Mot. at 9. This argument (which Plaintiffs do not concede) goes to the scope of

5   potential relief, not whether Plaintiffs state a UCL claim based on these violations.

6       **D. Plaintiffs Alleged A Cognizable UCL Remedy.**

7       Defendants argue that Plaintiffs have not alleged a cognizable UCL remedy because they

8   have not alleged restitution and cannot seek injunctive relief against Anthem. First, Plaintiffs do

9   not seek restitution pursuant to the UCL claim. Second, Defendants do not challenge the

10  availability of injunctive relief as to BCBS. Third, Defendants' argument as to Anthem is

11  premature. An injunction is a "primary form of relief available under the UCL[.]" *Kwikset Corp.*

12  *v. Sup. Ct.*, 51 Cal. 4th 310, 337 (2011) (cleaned up). However, whether, at the time of order or

13  judgment, a plaintiff ultimately will have a right to relief is a separate inquiry from whether a

14  plaintiff has a right to bring a claim in the first place. *See Clayworth v. Pfizer, Inc.*, 49 Cal. 4th

15  758, 788 (2010) (the UCL is intended to "preserve[] standing for those who *had* had dealings with

16  the defendant and lost money or property as a result of the defendant's unfair business practices"

17  and whether they can prove they are entitled relief does not impact standing to bring a claim). At

18  the pleading stage, all that is required for purposes of relief is to allege injury in fact caused by

19  the defendant. *Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1381 (Fed. Cir. 2011); *G*

20  *& C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898, 2007 WL 4350907, at *4 (N.D. Cal.

21  Dec. 12, 2007). The time for Anthem's argument is "if, at the time of the order of judgment, there

22  is no reasonable probability that the past acts complained of will recur." *Colgan v. Leatherman*

23  *Tool Grp., Inc.*, 135 Cal. App. 4th 663, 702 (2006*), as modified on denial of reh'g* (Jan. 31, 2006);

24  *Makaeff v. Trump Univ., LLC*, 145 F. Supp. 3d 962, 971 (S.D. Cal. 2015). Whether Plaintiffs have

25  a right to injunctive relief ***at the point of judgment*** does not preclude them from bringing the

26  claim now ***at the pleading stage***.

27      **E. Plaintiffs Are Not Required To Meet Rule 9(b)'s Pleading Standard.**

28      Plaintiffs base their UCL claim upon the unfair and unlawful prongs, Am. Compl. ¶¶ 74-

78. Because the claim is not predicated upon the fraudulent prong and is not predicated upon a unified course of fraudulent conduct, Rule 9(b)'s heightened pleading standards are irrelevant. *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256, 1265 (N.D. Cal. 2014). Striking stray references to the third prong—"fraud"—as Defendants suggest is not necessary or warranted in view of Plaintiffs' specific allegations.

### III. Plaintiffs Stated Negligent Interference with Economic Relations Claims

Defendants next argue that Plaintiffs have failed to state a claim for negligent interference with prospective economic relations on the basis that the elements are not sufficiently alleged under California law and Tennessee has rejected the existence of such a claim. Mot. at 11-12. Defendants are wrong on both arguments.

First, Defendants' position that Plaintiffs have failed to identify the duty at issue, what action it should have taken, and what customer relationships are at issue is flatly contradicted by Plaintiffs' allegations described above. Plaintiffs, who are both licensed in all states, filled prescriptions for Defendants' members located in California and Tennessee. Am. Compl. ¶¶ 12-18, 29. After termination from Defendants' pharmacy networks, those customers were no longer able to use their insurance to pay for prescriptions at Plaintiffs' pharmacies, cutting off a substantial revenue stream that was expected to grow. *Id.* ¶¶ 18, 53. Depriving plaintiffs of ongoing economic relationships is sufficient for purposes of a negligent interference claims. *See Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, 965 F. Supp. 2d 1141, 1153 (E.D. Cal. 2013) (denying motion to dismiss negligent interference claim where plaintiffs alleged defendants interfered with ongoing economic relationships).

Defendants also owe duties to Plaintiffs under applicable AWP laws. While California does not have its own AWP law, Defendants do not dispute they are subject to federal AWP laws nationwide, including in California. *See J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803 (1979) ("A duty of care may arise through statute or by contract"). California courts have repeatedly cautioned that for purposes of a negligent interference claim, California "'eschew[s] overly rigid common law formulations of duty in favor of allowing compensation for foreseeable injuries caused by a defendant's want of ordinary care.'" *United Tactical Sys., LLC v. Real Action*

*Paintball, Inc.*, 143 F. Supp. 3d 982, 1014 (N.D. Cal. 2015) (denying motion to dismiss and quoting *J'Aire*, 24 Cal.3d at 805). It was entirely foreseeable that if the Pharmacies were excluded from Defendants' pharmacy networks in violation of AWP laws, their relationships with Defendants' members who fill prescriptions at the Pharmacies would be damaged.

Defendants are subject to AWP laws and are responsible for ensuring compliance with those laws and permitting the Pharmacies to participate on the same terms and conditions as other pharmacies. Defendants' contracts with ESI provide mechanisms to inform Defendants of ESI's administration of pharmacy networks in order to allow Defendants to exercise oversight and control. Am. Compl. ¶¶ 40-44. This includes which pharmacies are allowed to participate in the retail networks. *Id.* ¶ 43. Defendants thus knew or should have known the Pharmacies had been terminated and could have exercised their control to require ESI to allow the Pharmacies back into the network in compliance with AWP laws. *Id.* ¶¶ 45-46.

Second, with respect to Tennessee, the only case Defendants cite in support of their position is *OnSomble, Inc. v. O'Rourke*, No. 3:16-CV-0493, 2016 WL 11653615 (M.D. Tenn. July 26, 2016). However, that case did not reject the existence of a negligent interference claim; rather, the plaintiff waived its claim by failing to respond to that issue in the defendant's motion to dismiss. *Id.* at *13. Plaintiffs are not aware of any Tennessee case denying the existence of a claim of negligent interference with prospective economic advantage. Moreover, in adopting the tort of interference with prospective economic advantage, the Tennessee Supreme Court has looked to the California Supreme Court. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 700 (Tenn. 2002) (citing *Della Penna v. Toyota Motor Sales, U.S.A., Inc*, 11 Cal.4th 376 (1995)). And as discussed above, California recognizes a claim for negligent interference.

## IV.   The Claim Splitting Doctrine Provide No Basis For Dismissal.

Defendants argue that the Amended Complaint should be dismissed as "impermissibly duplicative" of the Pharmacies' action against ESI. Mot. at 13. But the claim splitting concern is a discretionary doctrine. *FastVDO LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 16-CV-02499, 2016 WL 9526400, at *4 (S.D. Cal. Dec. 13, 2016). After assessing "the equities of a case, a district court may exercise its discretion" to stay a later-filed action or to consolidate the

actions. *Id*. To determine whether a suit is barred by this doctrine, courts "utilize[] the test for claim preclusion" and assess whether, "assuming that the first suit were already final, the second suit could be precluded." *Id*. at *3 In doing so, the court must examine if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id*.

Here, the parties to the actions are not the same. *See id*. (declining to dismiss on claim splitting grounds where parties were parents and subsidiaries). While a principal-agent relationship is generally one of privity, the Court should reject Defendants' efforts to dismiss the theories of relief against ESI in the PBM action and against each insurer in this action are different. *See id*. (declining to dismiss because "that [plaintiff] elected a procedural route different from seeking to amend its complaint in the [action] does not justify denying it the opportunity to litigate a potentially meritorious claim") (cleaned up). Whereas ESI can be liable for a number of wrongful actions including its termination of the Pharmacies from all of the networks it administers for thousands of principals, the relief obtainable from this action would extend only to the networks ESI operates for Anthem's, BCBS's and the other Defendant's members. *Cf*. 2B Cal. Jur. 3d Agency § 155 ("An agent's duty to the principal does not preclude the agent's liability[.] … The agent becomes personally liable for his or her own tortious acts even when committed at the direction of the principal."). Moreover, to the extent ESI is found liable based on its agreement to be bound by AWP laws, a decision in the PBM Action (Case No. 18-cv-4217) would not necessarily have claim preclusive effect as to Defendants. *See* Order re Summ. J. Mots. (PBM Action, ECF No. 333 at 12). And if ESI is correct that it is not subject to AWP laws (which Plaintiffs dispute), the Court should not dismiss this action because Plaintiffs would be precluded from obtaining any relief from any party.

## V.    <u>Conclusion</u>

Plaintiffs have stated valid causes of action against Anthem and BCBS. The Court should deny Defendants' Motion. If there remains doubt as to personal jurisdiction, the Court should permit Plaintiffs to take jurisdictional discovery before reaching the merits of the claims. If the Court grants any aspect of the motion to dismiss, Plaintiffs respectfully request leave to amend.

1

Dated: November 4, 2020

Respectfully submitted,

2

3

By:   */s/ William C. Jackson*
William C. Jackson (DC SBN 475200) (*Pro Hac Vice*)

4

wjackson@bsfllp.com
BOIES SCHILLER FLEXNER LLP

5

1401 New York Avenue, N.W.
Washington, DC 20005

6

Telephone: (202) 237-2727
Facsimile: (202) 237-6131

7

8

William A. Isaacson (DC SBN 414788) (*Pro Hac Vice*)

9

wisaacson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

10

2001 K St. N.W.
Washington, DC 20006

11

Telephone: (202) 223-7300
Telephone: (202) 223-7420

12

13

Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com

14

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
943 Steiner St.

15

San Francisco, CA 94117
Telephone: (202) 223-7300

16

Facsimile: (202) 223-7420
*Attorneys for CZ Services, Inc. and CareZone Pharmacy LLC*

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS. OPP. TO DEFS. ANTHEM'S AND BLUE CROSS AND BLUE SHIELD'S MTD