UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CZ SERVICES, INC., et al.,

    Plaintiffs,

v.

ANTHEM INSURANCE COMPANIES, INC., et al.,

    Defendants.

Case No. 19-cv-04453-JD

**ORDER RE MOTIONS TO SEAL**

Re: Dkt. Nos. 104, 113

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1107 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); see also *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted)). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id.* (citation omitted).

Plaintiffs CZ Services, Inc. and CareZone Pharmacy LLC (CZ) filed sealing motions for portions of the second amended complaint (SAC), Dkt. No. 104, and the opposition briefs to the

motions to dismiss.  Dkt. No. 113.  Plaintiffs say that documents from Defendants Premera Blue Cross, Anthem Insurance Companies, Inc., and Blue Cross Blue Shield of Kansas City have been designated "Highly Confidential -- Attorneys' Eyes Only" pursuant to a protective order, and should be redacted.  Dkt. No. 104 at 2; Dkt. No. 113 at 1.

The Court reviewed the unredacted SAC, Dkt. No. 104-4, and declines to seal the requested portions of the SAC.  "The fact that the parties may have designated a document as confidential under a stipulated protective order is [] not enough to justify sealing." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107.  The "default posture of public access prevails" for the SAC because neither party has demonstrated sufficient potential harms of allowing the public access to the underlying complaint.  *Id.*  The Court also declines to seal the requested portions of the oppositions to the motions to dismiss, Dkt Nos. 113-4, 113-6, because they reference the same material outlined in the SAC.

Plaintiffs are directed to file unredacted versions of the SAC and the opposition to the motions to dismiss on the ECF docket within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: September 9, 2022

JAMES DONATO
United States District Judge