UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CZ SERVICES, INC., et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>ANTHEM INSURANCE COMPANIES, INC., et al.,<br><br>            Defendants. | Case No. 19-cv-04453-JD<br><br>**SECOND ORDER RE PERSONAL JURISDICTION**<br><br>Re: Dkt. Nos. 110, 111 |

This order resolves defendants' motions to dismiss the Second Amended Complaint (SAC) of plaintiffs CZ Services, Inc., d/b/a CareZone Pharmacy, CareZone Pharmacy LLC (CZ), for lack of specific personal jurisdiction. Dkt. Nos. 104-4 (SAC); 110, 111 (motions).[1] The Court dismissed the prior complaint for the same shortfall, and allowed the parties to conduct limited discovery targeted to the jurisdictional question. *See* Dkt. Nos. 77, 99. The amended allegations in the SAC demonstrate that discovery did not yield facts showing that CZ's claims arise out of or relate to defendants' contacts or conduct within California. *See* Dkt. No. 77 at 2. Consequently, the SAC is dismissed without prejudice, and the case will be closed.

Before getting to the main event, a word about defendants' failure to follow the Court's order is warranted. The Court expressly advised defendants that they could file a post-discovery "motion challenging the adequacy of the amended jurisdictional allegations," and that "[n]o other grounds for dismissal will be taken up." Dkt. No. 99. Even so, Anthem and Blue Cross and Blue Shield of Kansas City (BCBSKC) made lengthy arguments for dismissal on non-jurisdictional

---

[1] The citations to the SAC are to an unredacted version the parties filed under a request to seal. The request is denied in a separate order, and unredacted versions will be publicly available shortly.

grounds under Rule 12(b)(6), without the Court's prior approval. *See* Dkt. No. 110 at 6-15. Those arguments are stricken from the docket under Rule 41(b), and were not considered by the Court.

The parties' familiarity with the record is assumed, and the discussion in the prior dismissal order is incorporated here. The Court has detailed the standards governing the pleading of personal jurisdiction in several other decisions. *See, e.g.*, *Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658 at *4-5 (N.D. Cal. Jan. 14, 2019); *Zithromia Ltd. v. Gazeus Negocios De Internet SA.*, No. 3:17-cv-06475-JD, 2018 WL 6340875 at *2-3 (N.D. Cal. Dec. 5, 2018). As the Supreme Court recently summarized, specific personal jurisdiction requires that: (1) a defendant must purposefully avail itself of the privilege of conducting activities within the forum state; and (2) a plaintiff's claims must arise out of or relate to the defendant's contacts with the forum state. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 141 S. Ct. 1017, 1019 (2021).

It is certainly true that specific personal jurisdiction does not require "a strict causal relationship between the defendant's instate activity and the litigation." *Id*. at 1026. But it also true that this "does not mean anything goes," and that "the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* General business contacts that defendants might have had in California will not in themselves give rise to specific personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of California*, *San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017). Rather, the SAC must plausibly allege that the claims relate to defendants' conduct within California. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017); *Puritan's Pride, Inc.*, 2019 WL 188658, at *4; *Zithromia Ltd.*, 2018 WL 6340875, at *3.

For the first element in *Ford*, the SAC adequately alleges purposeful availment in California. According to the SAC, defendants market insurance within California and cover Californians through their health insurance plans. Dkt. No. 104-4 ¶¶ 12-20. Defendants do not contest that they insure individuals in California and have provided services there, but dispute the relevance of those services. Dkt. No. 110 at 4; Dkt No. 111 at 6-8. These contacts are more than enough to demonstrate a meaningful connection to California, and to make it reasonably foreseeable that defendants could be haled into a California court for legal claims arising out of

2

their contacts. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017).

The problem for CZ arises under the second element in *Ford*. The claims in the SAC have nothing to do with defendants' conduct in California. They are based on the termination of a contract by Express Scripts, Inc. (ESI) from ESI's networks. *See, e.g.,* Dkt. No. 104-4 ¶ 1. ESI is a pharmaceutical benefits manager, not a health insurance issuer. *CZ Servs., Inc. v. Express Scripts Holding Co.*, Case No. 3:18-CV-04217-JD, 2020 WL 4368212, at \*6 (N.D. Cal. July 30, 2020). The Court presided over a long-running dispute between ESI and CZ that was tried by a jury and resulted in a verdict that rejected all of CZ's claims. *See CZ Servs., Inc.*, 2022 WL 3650733, at \*1 (N.D. Cal. Aug. 24, 2022). ESI is not a party here, which is almost certainly because CZ had a separate case against ESI, and because the Court determined that ESI was not within the scope of the Tennessee AWP statute, which applies only to health insurance issuers. *See CZ Servs., Inc.*, 2020 WL 4368212, at \*6.

The SAC addresses at length the ESI contract termination, and this event is the heart of CZ's case here. But nothing in these allegations demonstrates that CZ's claims are connected to conduct by the named defendants within California. They all go to conduct by ESI outside of California.

CZ's main argument to get around this barrier is to say that ESI was acting as an agent for defendants. *See* Dkt. No. 104-4 at 12-14. Agency is a legal relationship in which an agent acts "on the principal's behalf and subject to the principal's control." *Williams,* 851 F.3d at 1024 (*citing* Restatement (Third) Of Agency § 1.01 (2006)). The principal must have the right to substantially control the agent's activities for an agency relationship to arise. *Id.* at 1025. Agency relationships "may be relevant to the existence of specific jurisdiction," but do not inherently give rise specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014). For this issue, the Court accepted all of the uncontroverted allegations in the SAC as true, and otherwise gave CZ the benefit of the doubt on disputed facts in the parties' declarations and other evidence. *See LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022).

The SAC and the evidence do not demonstrate that ESI was an agent of any defendant. The contracts in this case state that ESI was an independent contractor, and provide no evidence

3

that defendants exercised the control of a principal over ESI. *See, e.g.,* Dkt. No. 38-2, Ex. A at 11; *see also United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010). It may be, as plaintiffs allege, that ESI agreed in some contracts to allow a health insurer to propose the termination of a pharmacy from the ESI network, *see, e.g.,* Dkt. No. 104-4 ¶¶ 65-68, but that free-standing provision is not tied to CZ's claims or California. Neither the SAC nor the declarations and evidence derived from the jurisdictional discovery demonstrate that any of the defendants ordered or required ESI to terminate CZ from its networks in California. *See* Dkt. No. 110-1; Dkt. No. 111-1. That is consistent with CZ's theory of its case in the other action before the Court, in which CZ sought to pin the termination decision entirely on ESI for reasons specific to ESI's business practices and interests. *See, e.g., CZ Servs., Inc. v. Express Scripts Holding Co.*, 2020 WL 4368212, at \*8. The SAC says the same, in effect. *See* Dkt. No. 104-4 ¶¶ 72-77. CZ mentions an email indicating that ESI advised Premera that it was going to terminate CZ from its networks, *see* Dkt No. 111-1, Ex. A, but that announcement does not establish that Premera compelled ESI to act on Premera's behalf, or that Premera ratified ESI's decision. *See Williams*, 851 F.3d at 1025. Overall, with every benefit given to CZ, it has not proffered evidence demonstrating that the SAC arises out of or relates to an agency relationship between ESI and the defendants. *See Daimler*, 571 U.S. at 135; Dkt. No. 77 at 2. That was CZ's main theory of personal jurisdiction in this Court, and it does not carry the day for it.

Consequently, the SAC is dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(2). Because CZ has now had an ample opportunity, including discovery, to allege jurisdiction, further amendment is not warranted, and the case will be closed. CZ is certainly free to pursue its claims in a Tennessee or other appropriate court, as circumstances warrant.

**IT IS SO ORDERED.**

Dated: September 9, 2022

JAMES DONATO
United States District Judge

4